UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. JOHNSON, et al., | ) | Case No. 5:05CV2155 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | <u>REPORT AND RECOMMENDATION</u> |
| | ) | <u>OF MAGISTRATE JUDGE</u> |
| Defendant. | ) | |

This matter is before the Court on the petition of counsel for Plaintiffs John W. Johnson and John Shriver (individually "Plaintiff Johnson" and "Plaintiff Shriver" and collectively "Plaintiffs") for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"). ECF Dkt. #16. Defendant Commissioner of Social Security ("Defendant") has filed a response opposing Plaintiffs' motion and Plaintiffs have filed a reply. ECF Dkt. #s 17, 19. For the following reasons, the undersigned recommends that the Court DENY Plaintiffs' motion for attorney fees and expenses pursuant to the EAJA because they are not prevailing parties under the EAJA. ECF Dkt. #16.

**I. PROCEDURAL HISTORY**

The instant case does not involve the typical EAJA petition. On September 12, 2005, Plaintiffs filed a complaint in mandamus in this Court seeking an Order requiring Defendant to take action in Plaintiffs' pending social security cases. ECF Dkt. #1.

### A. BACKGROUND OF EACH CASE

#### 1. PLAINTIFF JOHNSON

Plaintiffs explained in their mandamus complaint before this Court that Plaintiff Johnson's application for social security disability benefits had been denied upon initial consideration and reconsideration and again denied immediately following a hearing before an Administrative Law Judge ("ALJ") on September 26, 2003. *Id*. at 3. Plaintiff Johnson filed a request for review of the decision and a tape of the hearing was provided so that objections could be filed. *Id.* Objections were filed and on April 30, 2004, the Appeals Council declined to review the case. *Id*. On June 10, 2004, Plaintiff Johnson, through counsel, filed a complaint in this Court in Case Number 5:04CV1098 appealing the adverse decision against him. *See* ECF Dkt. #1 in Case Number 5:04CV1098. On June 19, 2004, Plaintiff Johnson voluntarily dismissed his case against Defendant pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, indicating that the Appeals Council had issued an order vacating its prior order and remanding his case for additional evaluation. ECF Dkt. #4 in Case Number 5:04CV1098.

Plaintiffs further averred in their mandamus complaint that counsel for Plaintiff Johnson waited several weeks after dismissal of the case and then inquired about the location of his claims file. ECF Dkt. #1 at 4. Counsel alleged that both the Office of Hearings and Appeals in Cleveland and the Appeals Council denied having Plaintiff Johnson's file and neither office could locate the file. *Id.* Plaintiff Johnson averred that he had no remedy at law because no one could locate his file and therefore no one could take action on his file. *Id.* He consequently filed a mandamus action through counsel. ECF Dkt. #1.

### **2.** **PLAINTIFF SHRIVER**

In Plaintiff Shriver's case, he was awarded disability benefits beginning June 26, 1991, but his benefits were terminated in 2000. ECF Dkt. #1 at 4. Plaintiff Shriver requested reconsideration of the termination of his benefits and an ALJ hearing and unfavorable decisions were issued in both instances. *Id*. He requested review of the ALJ's decision and the tape of the hearing, and the tape was sent to him. *Id*. at 5. His counsel filed objections, and the Appeals Council issued an order remanding Plaintiff Shriver's case to the Office of Hearings and Appeals. *Id*.

Plaintiffs averred in the mandamus complaint that Plaintiff Shriver's counsel waited several weeks and then inquired about the location of his claim file. ECF Dkt. #1 at 5. She was informed that neither the Office of Hearings and Appeals nor the Appeals Council had Plaintiff Shriver's file. *Id*. Plaintiff Shriver alleged that he has waited fifteen months for someone to find his file and because no one had yet found his file, no action was taken on his social security case. Plaintiff Shriver contended that because no one could take any action because no one could locate his file, he had no remedy at law. *Id*. He consequently filed a mandamus action through counsel in the same action as that of Mr. Johnson. *Id.*

### **B.** **BACKGROUND OF MANDAMUS CASE**

Plaintiffs filed their mandamus action on September 12, 2005. ECF Dkt. #1. For relief, they requested that the Court issue an Order requiring Defendant to either find their files or schedule hearings within sixty days in order to decide each of the Plaintiffs' claims so that benefits could be awarded or further appeal could be taken. *Id*. at 5.

On November 18, 2005, Defendant filed a motion to dismiss the complaint on the basis of mootness and the failure to state a claim. ECF Dkt. #6-2. Defendant acknowledged the missing

files, but first asserted that this Court lacked subject matter jurisdiction over the mandamus action because it was moot. *Id.* at 2. Defendant explained that Plaintiff Johnson's case had been assigned to an ALJ for review and an ALJ hearing had been scheduled. *Id.* Defendant further indicated that efforts continued to locate Plaintiff Shriver's file, although the Cleveland Office of Hearings and Appeals had no record of his file. *Id.* Nevertheless, Defendant represented that if Plaintiff Shriver's file could not be found within ninety days, the file would be reconstructed so that administrative review could proceed. *Id.* Alternatively, Defendant argued that Plaintiffs' mandamus complaint failed to state a claim and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because courts and Congress had rejected imposing adjudicative and decisional deadlines for administrative agencies because such limits failed to take into account the differences in facts and circumstances of each case. ECF Dkt. #6-2 at 4-6.

On June 20, 2006, the Honorable Judge Gwin issued an Order granting in part and denying in part Defendant's motion to dismiss. ECF Dkt. #10. The Court granted Defendant's motion to dismiss Plaintiff Johnson's mandamus claim as moot since his claim file was located and his case was assigned to an ALJ for review and a hearing was set. *Id.* at 3. The Court denied Defendant's motion to dismiss Plaintiff Shriver's claim as moot, however, because his claim had not been reviewed or heard. The Court declined to rule on the Rule 12(b)(6) argument at that time, instead ordering Defendant to inform the Court of the status of Plaintiff Shriver's request for benefits within two weeks of the date of the Order. *Id.* at 4.

On June 29, 2006, Defendant filed a status report with the Court explaining numerous delays of the reconstruction of Plaintiff Shriver's file. ECF Dkt. # 12 at 2. Defendant further indicated that she had learned that Plaintiff Shriver's attorney had the entire file in her possession

-4-

and she agreed to forward it to Defendant so that full reconstruction could occur. *Id*. Defendant represented that upon receiving the file from Plaintiff Shriver's counsel, his case would be assigned to an ALJ and a hearing would be held. *Id*. at 3.

On May 15, 2007, the Court issued an Order requiring Defendant to file an updated status report as to Plaintiff Shriver's case confirming assignment to an ALJ and a hearing. ECF Dkt. #13.

On the same date, Defendant filed an updated status report, indicating that Plaintiff Shriver's file had been reconstructed and his case was assigned to an ALJ and was awaiting scheduling for a hearing. ECF Dkt. #14.

On May 17, 2007, the Court issued a Judgment Entry closing Plaintiff Shriver's case at his request upon learning of the reconstruction of the file and assignment to an ALJ. ECF Dkt. #15.

## II.   **EAJA MOTION (ECF Dkt. #16)**

The EAJA provides that a plaintiff may be awarded attorney fees when he is the prevailing party in a suit against the government, unless the government's position was substantially justified or special circumstances exist that would prevent an award. 28 U.S.C. § 2412(d)(1).

On May 18, 2007, Plaintiffs, through counsel, filed the instant motion for fees pursuant to the EAJA requesting an Order authorizing payment of attorney fees in the amount of $2,072.60 and expenses in the amount of $160.00. ECF Dkt. #16. Plaintiffs assert that they meet the requirements for an award under the EAJA because they are prevailing parties, Defendant's position was not substantially justified, and no special circumstances exist that would make an award unjust. *Id.* at 3-5. In contending that they are prevailing parties, Plaintiffs assert that their mandamus action forced Defendant to perform her duties on their cases that otherwise had been sitting for years. *Id*. at 3. Plaintiffs believe that satisfaction to each of them resulted from the

Court's action on their mandamus complaint in forcing Defendant to act. *Id.* Plaintiffs cite *Shalala v. Schaefer*, 509 U.S. 292, 296-297 and n.2 (1993) in support. *Id.*

Defendant has filed a response in opposition to Plaintiffs' motion for fees, first arguing that that Plaintiffs are not prevailing parties because no judicially sanctioned change in the legal relationship of the parties has occurred as required in order to meet the definition of "prevailing party." ECF Dkt. #17. Defendant explains that the Court did not order her to take any action, except to file status reports, and her actions taken after the filing of the mandamus were done either in the ordinary course of the administrative process or done voluntarily. *Id.* at 4-5. Defendant further opposes Plaintiffs' assertion that it is a prevailing party under the catalyst theory, whereby a plaintiff is considered a prevailing party if he obtains the desired result because the lawsuit precipitated a voluntary change in the defendant's conduct. *Id.* at 5, citing ECF Dkt. #16 at 3 and *Buckhannon Bd. & Care Home, Inc., v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001).

The undersigned recommends that the Court find that Plaintiffs do not meet the definition of "prevailing parties" in order to be awarded attorney fees and expenses under the EAJA. While Defendant's position was certainly not substantially justified in either of the instant cases after Plaintiffs' files were misplaced and hearings and decisions were inordinately delayed, the fact remains that the only theory that Plaintiffs offer for asserting an award of fees under the EAJA is a catalyst theory, which has been rejected by the United States Supreme Court as a vehicle for awarding EAJA fees. Plaintiffs assert in their motion for EAJA fees that:

> Each Plaintiff is a prevailing party by virtue of the fact that a Mandamus action was required to force the Commissioner to act on issues that had been sitting for years. While,[sic] each of the Plaintiffs' claims were ultimately dismissed rather than having a formal decision made on the merits as one would in a straightforward

> Social Security Disability denial of benefits case.[sic] It was the action of this Court in forcing the Defendant to perform the duties he/she was required to do which had not been done that resulted in satisfaction to each Plaintiff. Accordingly, counsel asserts that this case is one similar to *Shalala v. Schaefer*, 509 U.S. 292, 296-97 and n.2 (1993) wherein a Social Security claimant was permitted to assert that he or she was a prevailing party.

ECF Dkt. #16-2 at 3.

However, the Supreme Court rejected this "catalyst theory" in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources,* 532 U.S. 598, 121 S.Ct. 1835 (2001). The Court held that:

> Numerous federal statutes allow courts to award attorney's fees and costs to the "prevailing party." The question presented here is whether this term includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. We hold that it does not.

*Id.* at 600, 121 S.Ct. at 1838. The Court held that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." 532 U.S. at 604 (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). The Court further explained that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change" necessary for a plaintiff to be considered a prevailing party." *Buckhannon,* 532 U.S. at 605.

Here, Plaintiffs do not have either an enforceable judgment on the merits or a court-ordered consent decree. Further, while the writ of mandamus resulted in the hastening of Defendant's

-7-

conduct in attempting to locate Plaintiffs' files and scheduling hearings, it did not result in a change in Defendant's conduct because Defendant was already required to do that which she was doing: locating the files and scheduling hearings in order to get Plaintiffs' cases through the administrative process. Moreover, in Plaintiffs' writ of mandamus, they requested that the Court require "Defendant to either find the file or schedule a hearing within sixty days to make a decision on each of Plaintiff's claims so that effectuation of benefits or further appeal can proceed." ECF Dkt. #1 at 5. The Court did not grant the writ of mandamus, but rather granted Defendant's motion to dismiss Plaintiff Johnson's complaint as moot after Defendant reported to the Court that she had found his file and had scheduled a hearing before an ALJ. ECF Dkt. #10 at 3. Thus, no Court-ordered action occurred in that case, except a dismissal of Plaintiff Johnson's writ of mandamus based upon the issue of mootness. The Court never ordered Defendant to schedule a hearing or take any other action besides filing a status report on the procession of the case after Defendant informed the Court that it had already taken steps to locate Plaintiff Johnson's files and to schedule a hearing. ECF Dkt. #6.

With regard to Plaintiff Shriver's case, the Court held any decision on the writ in abeyance pending a further update by Defendant of the status of his case. *Id*. at 3. The Court noted that Defendant had been taking steps in Plaintiff Shriver's case and ordered Defendant to file an updated status report within two weeks. *Id.* Defendant complied, indicating that Plaintiff Shriver's file had been reconstructed and the Court again ordered Defendant to file another status report upon assignment of Plaintiff Shriver's case to an ALJ for hearing. ECF Dkt. #s 12-13. Defendant filed another status report indicating that Plaintiff Shriver's case had been set for hearing before an ALJ. ECF Dkt. #14. Consequently, the Court dismissed Plaintiff Shriver's

claims against Defendant in this case upon indication that Plaintiff Shriver wished to terminate this action. ECF Dkt. #15. As in Plaintiff Johnson's case, the Court made no legal determination and did not order Defendant to take any steps except to file status reports on the administrative actions that Defendant was already required to take.

Further, Plaintiffs' argument that *Buckhannon* does not apply to Social Security cases under the EAJA is incorrect. While *Buckhannon* involved fee-shifting statutes under the Fair Housing Act and Americans with Disabilities Act, the Sixth Circuit Court of Appeals has ruled that the Supreme Court's rejection of the catalyst theory in *Buckhannon* "applies with equal force and effect to the EAJA." *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1379 (6th Cir. 2002); *see also Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 841 (6th Cir. 2006)(applying *Buckhannon* to social security case).

In summary, while Defendant's actions may have been dilatory in both Plaintiff Johnson and Plaintiff Shriver's cases and the actions may have been expedited by the filing of Plaintiffs' writ of mandamus, the Court in this case did not order Defendant to take any action, the Court did not issue a legal judgment except for the granting of dismissals of both of Plaintiffs' cases, and Defendant took action that she would have taken anyway in the administrative process, although she took it much later than sooner. Since the catalyst theory is not an accepted theory under an EAJA request, and since Plaintiffs fail to meet the definition of "prevailing parties", the undersigned recommends that the Court DENY Plaintiffs' motion for expenses and attorney fees under the EAJA. ECF Dkt. #16.

## III. CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned recommends that the Court DENY Plaintiffs' motion for attorney fees and expenses pursuant to the EAJA. ECF Dkt. #16.

Dated: July 18, 2007                 */s/George J. Limbert*
                                          GEORGE J. LIMBERT
                                          U.S. MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).